UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOE, ET AL.                                          CIVIL ACTION

VERSUS

HEART CLINIC OF HAMMOND, LLC.          NO.: 17-00217-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss the Claims Asserted by Aline M. Thibodeaux (Doc. 10)** filed by Defendant, Heart Clinic of Hammond, LLC. Defendant seeks to dismiss the claims brought by Plaintiff Thibodeaux ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant does not seek to dismiss any claims brought by Plaintiff Mary Boe. Plaintiff filed an Opposition to the Motion to Dismiss. (Doc. 11). Defendant then filed a Reply Brief to the Opposition to the Motion to Dismiss. (Doc. 16). In response, Plaintiff filed a Sur-Reply Memorandum in Opposition to the Motion to Dismiss. (Doc. 17). The Court has jurisdiction under 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the **Motion to Dismiss (Doc. 10)** is **GRANTED**.

## I. BACKGROUND

Plaintiff seeks injunctive relief and damages arising from her termination from the Heart Clinic of Hammond, LLC. ("HCH"). (Doc. 1). In her complaint, she alleges that she was sexually harassed and discriminated against based on her disabilities, a "breast lump" and major depression. (*Id.*). Plaintiff asserts claims for a hostile work environment, disability discrimination, and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 ("LEDL"). (*Id.*).

In 2011, Plaintiff began her employment with Defendant as the Chief Operating Officer. (Doc. 1 at ¶ 10). During the fall of 2015, Plaintiff claims that she established "a record of disability involving a significant breast lump" and had already been subjected to numerous sexual advances by Dr. Ghiath M. Mikdadi, owner/manager of HCH. (*Id.* at ¶¶ 15–20). On December 23, 2015, Plaintiff planned to have surgery related to the "breast lump." (*Id.* at ¶ 21). During this time, Dr. Mikdadi allegedly made sexual advances towards Plaintiff and conveyed to her that her job would go smoother if she cooperated with his advances. (*Id.* at ¶¶ 22–24). As a result of the alleged harassment, Plaintiff suffered from major depression. (*Id.* at ¶¶ 25–27). On or about December 23, 2015, Plaintiff sought medical leave for her depression. (*Id.* at ¶ 27). Plaintiff asserts that during her leave of absence, Dr. Mikdadi used Melissa Bennett, "the Marketing Reprehensive (sic)," to continue to harass her so that she would return to work immediately. (Doc. 1 at ¶¶ 29–32). On

2

February 20, 2016, Plaintiff reportedly told Bennett that she would be released to return to work within the next couple of weeks. (*Id.* at ¶ 34). On March 3, 2016,[1] Plaintiff was terminated "without any reasonable stated non-discriminatory reason just days before [she was to] return to work." (*Id.* at ¶ 35).

Thereafter, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 10-2). Plaintiff claims to have faxed her EEOC charge on March 3, 2017. (Doc. 11 at p. 3; Doc. 11-1). The EEOC stamped Plaintiff's EEOC charge "RECEIVED" on March 10, 2017, at 10:18 AM. (Doc. 10-2). Plaintiff filed this lawsuit on April 6, 2017, after being mailed a "Notice of Right to Sue (Issued on Request)" from the EEOC on March 20, 2017. (Doc. 16-1).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . .

---

[1] Plaintiff's complaint provides a termination date of March 3, 2015. (Doc. 1 at ¶ 35). Plaintiff's Opposition to Defendant's Motion to Dismiss also provides March 3, 2015, as the date of termination. (Doc. 11 at p. 1). This date seems to be incorrect considering the fact that medical leave was taken December 23, 2015, and the discussion between Plaintiff and Bennett occurred on February 20, 2016. For purposes of this motion, the Court and Defendant both assume Plaintiff's termination date is March 3, 2016. (Doc. 10-1 at p. 2).

3

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. DISCUSSION

In support of its motion, Defendant argues that Plaintiff's Title VII, ADA, and state law LEDL claims are time-barred because they are based on Plaintiff's date of termination, which occurred more than 300–days prior to the filing of the EEOC charge. (Doc. 10-1). Particularly, Defendant asserts that Plaintiff was terminated on March 3, 2016, but she filed her EEOC charge on March 10, 2017—more than one year from the last allegedly discriminatory act. (*Id.* at p. 2). In opposition, Plaintiff disputes that her federal and state law claims are time-barred. Specifically, Plaintiff argues that failure to file a timely EEOC charge is an affirmative defense and adjudication of this motion is premature. (Doc. 11 at p. 3). Further, Plaintiff argues that she timely filed her EEOC charge when she faxed it on March 3, 2017. (*Id.*).

4

A discrimination charge is considered "filed" for purposes of 42 U.S.C. § 2000e–5 on the date the EEOC *receives* the charge, not the date the charge is signed or mailed. *See Taylor v. Gen. Telephone Co. of the Sw.*, 759 F.2d 437, 441–42 (5th Cir. 1985) (emphasis added); *Minnis v. Bd. of Sup'rs of La. State Univ. & Agric. & Mech. Coll.*, 55 F. Supp. 3d 864, 873–74 (M.D. La. 2014), *aff'd*, 620 F. App'x 215 (5th Cir. 2015). Here, the date stamp on Plaintiff's EEOC charge indicates that it was received by the EEOC on March 10, 2017.[2] (Doc. 10-2). Plaintiff asserts that she faxed her EEOC charge on March 3, 2017, and thus that is when her discrimination charge was "filed."[3] However, the EEOC New Orleans Field Office stamped Plaintiff's EEOC charge "RECEIVED" on March 10th. (Doc. 10-2). Therefore, Plaintiff has failed to show that her EEOC charge was "received" on March 3, 2017. The Court finds that because neither the "date signed" nor the "date mailed" can be the date the charge is considered "filed," logically it seems that the date faxed equally cannot be considered. Thus, for purposes of this motion, the Court will accept the date stamped as the date "filed." *See Lavigne v. Cajun Deep Founds., LLC.*, 32 F. Supp. 3d 718, 730 (M.D. La. 2014), *aff'd*, 654 F. App'x 640 (5th Cir. 2016) (in which the Court concluded that "the

---

[2] Plaintiff did not mention nor attach her EEOC charge to her complaint. In support of Defendant's motion to dismiss, Defendant attached a copy of the EEOC charge. (Doc. 10-1). "Generally, courts may not consider matters outside of the pleadings when considering a motion to dismiss. However, when ruling on a Rule 12 motion, a court may take judicial notice of documents in the public record, including EEOC charges." *Williams v. Otis Elevator Co.*, 2013 WL 12109506, at *1 n. 1 (M.D. La. May 9, 2013), *aff'd*, 557 F. App'x 299 (5th Cir. 2014) (quotations and internal citation omitted). Thus, the Court will consider the EEOC charge in considering this motion.

[3] Plaintiff argues that she faxed her EEOC charge on March 3, 2017, and filed the fax cover sheet into the record. (Doc. 11; Doc. 11-1). But the exhibit does not show that Plaintiff faxed the actual EEOC charge on March 3, 2017. (*Id.*). Neither the cover letter nor the charge itself has stamped fax markings establishing when they were in fact transmitted. (*Id.*).

date stamp on the Original Charge indicate[d] that it was received by the EEOC on [the date it was stamped]").

### A. Untimely Title VII and ADA Claims

To file suit under the ADA and Title VII, a plaintiff must file a charge of employment discrimination with the EEOC or state administrative agency within 300 days of the occurrence of the alleged discriminatory conduct. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). "This Circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Exhaustion [of administrative remedies] occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Books A Million, Inc.*, 296 F.3d at 379; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). For a charge to be timely, "[a]n individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *WC & M Enters., Inc.*, 496 F.3d at 398 (quoting 42 U.S.C. § 200e–5(e)(1)); *see also Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002) (dismissing claim under the ADA because plaintiff did not file charge of discrimination within 300 days of the allegedly discriminatory act).

The facts establish for purposes of the present motion that Plaintiff's last day of employment with Defendant was March 3, 2016, yet the EEOC charge was not filed until March 10, 2017, 372 days later. Because Plaintiff's claims arise out of her

employment with Defendant, Plaintiff's EEOC charge was required to have been filed by December 28, 2016, which is 300 days after the latest date on which the allegedly improper conduct may have occurred, that is, her termination.

The Court notes that even if it considered the March 3, 2017, faxed date claimed by Plaintiff, the outcome would remain the same. Accordingly, the Court concludes that Plaintiff's EEOC charge was not filed timely and Plaintiff has thus failed to comply with a statutory prerequisite to suit. Thus, the ADA, Title VII, and retaliation claims are dismissed, with prejudice.

### B. Louisiana Employment Discrimination Law ("LEDL")

Pursuant to Louisiana law, a claim of discrimination is a delictual action "subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492; *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04), 865 So. 2d 49, 53. However, "this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal [EEOC] . . . . No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months." La. Rev. Stat. §23:303(D). As the Supreme Court of Louisiana has noted, "it is well settled that the damage is sustained in any employment discrimination case at the earlier of the date the employee is informed

of his termination or his actual separation from employment." *Eastin*, 865 So. 2d at 53–54.

Here, Plaintiff's most recent claim under the LEDL arose from Plaintiff's termination on March 3, 2016. Plaintiff's maximum eighteen month prescriptive period (consisting of the one year prescriptive period, plus the maximum six month suspension period) would have ended on September 3, 2017. However, the Court has determined that Plaintiff filed her EEOC charge on March 10, 2017, seven days past the one year time period. Thus, Plaintiff did not timely suspend the one year prescriptive period.

Nonetheless, even if the Court were to consider the March 3, 2017, faxed date as a timely suspension of prescription, Plaintiff's LEDL claim is still untimely. This is because Plaintiff's suspension was lifted after she requested, and was subsequently mailed, a Notice of Right to Sue on March 20, 2017.[4] (Doc. 16-1). Prescription of Plaintiff's claims under the LEDL was suspended "during the pendency of [the] administrative review." La. Rev. Stat. §23:303(D); *see O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 417–18 (E.D. La. 2016). The EEOC dismissed the charge on March 20, 2017, thus the suspension was lifted upon Plaintiff's receipt of the Notice of Right to Sue. (Doc. 16-1). "When prescription is suspended, the time which preceded the suspension is added to the time which follows it." *Id.* (quoting *Miller v. Vogel*, 2003

---

[4] With respect to Plaintiff's state law claim, Plaintiff argues that she should be afforded the statutory ninety day time period after receipt of a Notice of Right to Sue to file her suit. (Doc. 17). However, it is Title VII and ADA claims—not the state law claims—that must be filed within ninety days of a plaintiff's receipt of the notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Mitchell v. Shaw Power Servs., LLC*, 2015 WL 3683284, at *3 (M.D. La. June 12, 2015).

WL 22966361, at *2 n. 3 (E.D.La. Dec. 17, 2003) (citing *Geiger v. State ex rel. Dep't of Health & Hosp.*, 2001-2206 (La. 4/12/02), 815 So.2d 80, 84–85).

Considering the March 3rd date, prescription had run for 365 days before it was suspended by Plaintiff's filing of her EEOC charge. Thus, Plaintiff had no days left after receiving the Notice of Right to Sue to file a timely lawsuit. Plaintiff did not file the instant action until April 6, 2017, more than one month after her claims under the LEDL prescribed. Therefore, whether the Court considers the March 3, 2017, faxed date or the March 10, 2017, stamped date, Plaintiff's LEDL claims are prescribed. Thus, her claims must be dismissed.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 10)** is **GRANTED**. The claims brought by Plaintiff, Aline M. Thibodeaux, against Defendant, Heart Clinic of Hammond, LLC., are dismissed, with prejudice.[5]

**IT IS FURTHER ORDERED** that Plaintiff's request for oral argument (Doc. 11 at p. 5) is **DENIED**.

Baton Rouge, Louisiana, this 30th day of November, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] This ruling does not affect the claims brought by Plaintiff Mary Boe against Defendant.

9